**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

JAMES Y. PALMER,

     Plaintiff,

vs.                                                    CASE NO. 3:07cv153/RS

USAA INSURANCE AGENCY, INC.;
USAA CASUALTY INSURANCE COMPANY;
and CITIZENS PROPERTY INSURANCE
CORPORATION,

     Defendants.

_____/

## ORDER

Before me is Defendant USAA Insurance Agency, Inc.'s Motion To Dismiss (Doc. 40).

Count I of the Amended Complaint alleges that Citizens Property Insurance Corporation breached its contract of insurance because it failed to pay for all damage covered under the terms of its insurance policy and caused by Hurricane Ivan. Count II alleges that Citizens Property Insurance Corporation breached its contract of insurance because it failed to pay for all damage covered under the terms of its insurance policy and caused by Hurricane Dennis. Count III alleges that USAA Casualty Insurance Company, acting as Plaintiff's agent, negligently failed to obtain proper insurance coverage. The next count, apparently mislabeled as Count III, makes a similar claim against USAA Casualty Insurance Company. The final two counts, both labeled as Count IV, make claims against USAA Insurance Agency, Inc. and USAA Casualty Insurance Company for negligent misrepresentation about the insurance coverage they

obtained while acting on behalf of the Plaintiff.

Plaintiff does not allege that USAA Insurance Agency, Inc. and USAA Casualty Insurance Company acted on behalf of Citizens or that Citizens Insurance Company is liable for coverage greater than that stated in its insurance policy.  Consequently, the claims Plaintiff has alleged against USAA Insurance Agency, Inc. and USAA Casualty Insurance Company are not inconsistent with his claims against Citizens. In short, Plaintiff is suing Citizens for failure to properly pay for damages which are covered under the coverages actually provided by its policy.  Plaintiff is suing USAA Insurance Agency, Inc. and USAA Casualty Insurance Company for their failure to obtain greater coverages than that actually provided by the Citizen policy.  Therefore, *Blumberg v. USAA Cas. Ins. Co.*, 790 So.2d 1061 (Fla. 2001), is not applicable to this case.  The allegations of the Amended Complaint are sufficient to establish plausible claims for relief. *Bell Atlantic v. Twombly*, 55 U.S. ____ 120, 7 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Defendant USAA's argument that USAA's agent is an indispensable party is without merit.

Defendant USAA Insurance Agency, Inc.'s Motion To Dismiss (Doc. 40) is **denied**.

ORDERED on August 6, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**